FILED
CLERK, U.S. DISTRICT COURT

10/23/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___E.C.___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00629 TJH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 2332a(a)(2): Use of a Weapon of Mass Destruction; 18 U.S.C. § 844(i): Malicious Destruction of a Building Using an Explosive; 26 U.S.C. § 5861(d): Possession of an Unregistered Destructive Device; 18 U.S.C. § 981(a)(1)(G), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| NATHANIEL JAMES MCGUIRE, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2332a(a)(2)]

On or about September 25, 2024, in Santa Barbara County, within the Central District of California, defendant NATHANIEL JAMES MCGUIRE, acting without lawful authority, did knowingly use a weapon of mass destruction, specifically, a destructive device as defined in Title 18, United States Code, Section 921, against a person and property within the United States, to wit: the Superior Court of California, County of Santa Barbara courthouse located at 312 E. Cook

Street, Santa Maria, California, such property being used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce, and the offense and the results of the offense affected interstate or foreign commerce.

COUNT TWO

[18 U.S.C. § 844(i)]

On or about September 25, 2024, in Santa Barbara County, within the Central District of California, defendant NATHANIEL JAMES MCGUIRE maliciously damaged and destroyed, by means of fire and an explosive, a building, property, and real property that was used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, to wit: the Superior Court of California, County of Santa Barbara courthouse located at 312 E. Cook Street, Santa Maria, California, resulting in the personal injury of S.G., N.G.H., and N.C.

COUNT THREE

[26 U.S.C. § 5861(d)]

On or about September 25, 2024, in Santa Barbara County, within the Central District of California, defendant NATHANIEL JAMES MCGUIRE knowingly possessed a destructive device, specifically 10 Molotov cocktails and an improvised explosive device, that defendant knew to be a destructive devices, as defined in Title 26, United States Code, Sections 5845(a)(8) and (f), and which had not been registered to defendant in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION ONE |
| 2 | [18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c)] |

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in all of the defendant's assets, foreign or domestic;

   (b) All right, title and interest in any assets, foreign or domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

   (c) All right, title, and interest in any asset, foreign or domestic, acquired or maintained by the defendant with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

   (d) All right, title, and interest in any asset, foreign or domestic, derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

            (e)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), (c), or (d).

    3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm involved in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                             A TRUE BILL


                                             /s/
                                             Foreperson

E. MARTIN ESTRADA
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

MARK TAKLA
KATHRYNNE SEIDEN
Assistant United States Attorneys
National Security Division