E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
KATHRYNNE SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Terrorism and Export Crimes Section
 1500 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 393-8125/(213) 894-0631
 E-mail:    kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00629-TJH |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| NATHANIEL JAMES MCGUIRE, | **CURRENT TRIAL DATE:** 12/17/2024 |
| Defendant. | **PROPOSED TRIAL DATE:** 9/16/2025 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Takla and Kathrynne Seiden, and defendant Nathaniel James McGuire ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Erica Choi and Iboh Umodu, hereby stipulate as follows:

1.   The Indictment in this case was filed on October 23, 2024. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on September 27, 2024.

1  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before January 1, 2025.
3       2.   On October 25, 2024, the Court set a trial date of December
4  17, 2024 and a status conference for November 4, 2024.
5       3.   Defendant is detained pending trial. The parties estimate
6  that the trial in this matter will last approximately 4-5 days.
7       4.   By this stipulation, defendant moves to continue the trial
8  date to September 16, 2025 and a pretrial conference to September 1,
9  2025. This is the first request for a continuance.
10      5.   Defendant requests the continuance based upon the following
11 facts, which the parties believe demonstrate good cause to support
12 the appropriate findings under the Speedy Trial Act:
13           a.   Defendant is charged with violations of 18 U.S.C.
14 § 2332a(a)(2) (Use of a Weapon of Mass Destruction); 18 U.S.C.
15 § 844(i) (Malicious Destruction of a Building Using an Explosive);
16 and 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive
17 Device).  The government has produced discovery to the defense,
18 including but not limited to approximately 1,400 pages of law
19 enforcement reports, search warrants, photographs, and audio and
20 video files, including a recording of defendant's Mirandized
21 statement with law enforcement.
22           b.   Defense counsel represent that they are presently
23 scheduled to be in various trials and other commitments, as
24 referenced in the attached Appendix A. Accordingly, counsel
25 represent that they will not have the time that they believe is
26 necessary to prepare to try this case on the current trial date.
27           c.   In light of the foregoing, counsel for defendant also
28 represent that additional time is necessary to confer with defendant,

                                    2

1  conduct and complete an independent investigation of the case,
2  conduct and complete additional legal research including for
3  potential pre-trial motions, review the discovery and potential
4  evidence in the case, and prepare for trial in the event that a
5  pretrial resolution does not occur. Defense counsel further
6  anticipates that there may be a need for competency proceedings.
7  Defense counsel represents that failure to grant the continuance
8  would deny them reasonable time necessary for effective preparation,
9  taking into account the exercise of due diligence.
10      d.    Defendant believes that failure to grant the
11 continuance will deny him continuity of counsel and adequate
12 representation.
13      e.    The government does not object to the continuance.
14      f.    The requested continuance is not based on congestion
15 of the Court's calendar, lack of diligent preparation on the part of
16 the attorney for the government or the defense, or failure on the
17 part of the attorney for the Government to obtain available
18 witnesses.
19      6.    For purposes of computing the date under the Speedy Trial
20 Act by which defendant's trial must commence, the parties agree that
21 the time period of December 17, 2024, through September 16, 2024,
22 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
23 (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
24 continuance granted by the Court at defendant's request, without
25 government objection, on the basis of the Court's finding that: (i)
26 the ends of justice served by the continuance outweigh the best
27 interest of the public and defendant in a speedy trial; (ii) failure
28 to grant the continuance would be likely to make a continuation of

3

1  the proceeding impossible, or result in a miscarriage of justice; and
2  (iii) failure to grant the continuance would unreasonably deny
3  defendant continuity of counsel and would deny defense counsel the
4  reasonable time necessary for effective preparation, taking into
5  account the exercise of due diligence.
6
7       7.   Nothing in this stipulation shall preclude a finding that
8  other provisions of the Speedy Trial Act dictate that additional time
9  periods be excluded from the period within which trial must commence.
10 Moreover, the same provisions and/or other provisions of the Speedy
11 Trial Act may in the future authorize the exclusion of additional
12 time periods from the period within which trial must commence.
13      IT IS SO STIPULATED.
14
15 Dated: November 10, 2024          Respectfully submitted,
16
17                                   E. MARTIN ESTRADA
                                     United States Attorney
18
                                     DAVID T. RYAN
19                                   Assistant United States Attorney
                                     Chief, National Security Division
20
                                            /s/
21                                   KATHRYNNE N. SEIDEN
                                     Assistant United States Attorney
22
                                     Attorneys for Plaintiff
23                                   UNITED STATES OF AMERICA
24
25
26
27
28

                                      4

1  I am Nathaniel James McGuire's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than September
7  16, 2025 is an informed and voluntary one.
8
9  /s/ _____                    11/6/24
10 IBOH UMODU                                    Date
11 ERICA CHOI
   Attorneys for Defendant
12 NATHANIEL JAMES MCGUIRE
13
14   I have read this stipulation and have carefully discussed it
15 with my attorney. I understand my Speedy Trial rights. I
16 voluntarily agree to the continuance of the trial date, and give up
17 my right to be brought to trial earlier than September 16, 2025.
18
19 /s/ _____                    11/6/24
20 NATHANIEL JAMES MCGUIRE                       Date
   Defendant

# APPENDIX A: LIST OF ATTORNEY OBLIGATIONS

Counsel for defendant Nathan James McGuire represent that they have the following obligations:

*United States v. Raul Hernandez*, 2:23-cr-367-PA-1, a multi-defendant possession with intent to distribute controlled substances; possession of firearms in furtherance of drug trafficking crimes; and felon in possession of firearms and ammunition trial, scheduled to begin December 3, 2024, and expected to last three days;

*United States v. Quezada-Duarte*, 2:24-cr-42-JLS, 1 count of 18 USC 2250(a) (Failure to Register as a Sex Offender) and 1 count of 8 USC 1326(a) Illegal Reentry. Scheduled to begin on January 7, 2025 and expected to last 1 week.

*United States v. Narciso Espinoza-Zepeda*, 2:24-cr-314-DMG, a single-defendant possession with intent to distribute cocaine trial, scheduled to begin on January 15, 2025, and expected to last three days;

*United States v. Jessica Leigh Alalia*, 2:24-cr-024-FMO, a multi-defendant distribution of fentanyl resulting in death, conspiracy to distribute and possess with intent to distribute methamphetamine and fentanyl, maintaining a drug-involved premises, possession with intent to distribute methamphetamine, possession with intent to distribute fentanyl, and possession of firearms in furtherance of drug trafficking crimes trial, scheduled to begin on February 18, 2025;

*United States v. Jose Fregoso*, 2:22-cr-425-JAK, a single-defendant distribution of methamphetamine trial, scheduled to begin on February 25, 2025, and expected to last two days;

*United States v. Rose*, 2:24-cr-37-GW, 38 counts of 15 USC §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5 (Securities Fraud) and 1 count of 18 USC 1001(a)(2) (Making False Statements). Scheduled to begin on March 18, 2025 and expected to last 1 week.

*United States v. Sandy Bobadilla*, 2:23-cr-420-AB, a single-defendant access device fraud in excess of $1,000, and aggravated identity theft trial, scheduled to begin on March 18, 2025, and expected to last three days;

*United States v. Angel Lawrence Layva*, 5:21-cr-197-ODW, a single-defendant possession with intent to distribute methamphetamine, possession with intent to distribute heroin,

1

and possession with intent to distribute fentanyl trial, scheduled to begin on March 25, 2025, and expected to last four days;

*United States v. Binisio Pereda*, 2:24-cr-482-MRA, a single-defendant possession with intent to distribute methamphetamine, fentanyl, and heroin, and felon in possession of ammunition trial, scheduled to begin on March 31, 2025, and expected to last two days;

*United States v. Ygnacio Resendez*, 2:23-cr-303-FMO, 1 count of 21 U.S.C. 841(a)(1), (b)(1)(A)(viii) (Posn w/intent to distribute methamphetamine), 1 count of 21 U.S.C. 841(a)(1), (b)(1)(C) (Posn w/intent to distribute fentanyl), 1 count of 18 U.S.C. 924(c)(1)(A)(i) (Carrying a Firearm in Relation to a Drug Trafficking Crime), and 1 count of 18 U.S.C. 922(g)(1) (Felon in Posn of Firearm. Expected to move to and begin on April 15, 2025 and expected to last 1 week.

*United States v. Seth Stewart*, 2:24-cr-450-SPG, a single-defendant cyberstalking, and false information regarding explosives trial, scheduled to begin on May 6, 2025, and expected to last three days;

*United States v. Lee Anthony*, 2:23-cr-084-DMG, a single-defendant possession with intent to distribute methamphetamine; carrying a firearm during and in relation to a drug trafficking crime; and felon in possession of a firearm and ammunition trial, scheduled to begin on May 13, 2025, and expected to last three days;

*United States v. Salgado*, 23-cr-653-DSF-12, 1 count of 21 USC 846 (Distribution and Posn w/intent to distribute fentanyl, meth, and heroin), 1 count 21 USC 841(a)(1), (b)(1)(A)(vi), 2(a) (Posn w/intent to distribute fentanyl), 1 count of 21 USC 841(a)(1), (b)(1)(A)(viii), 2(a) (Posn w/intent to distribute meth). Expected to begin on May 20, 2025 and expected to last 1 week.

*United States v. Jing Tang Li*, 2:24-cr-510-WLH, a single-defendant conspiracy to distribute and possess with intent to distribute methamphetamine, conspiracy to export methamphetamine, and possession with intent to distribute methamphetamine trial, scheduled to begin on June 2, 2025, and expected to last three days.

2

*United States v. Kamil*, 23-cr-532-FMO, 1 counts of 18 U.S.C. 1349 (Conspiracy to Commit Bank Fraud), 9 counts of 18 U.S.C. 1344(2) (Bank Fraud), 1 count 18 USC 1344(2) (Attempted Bank Fraud), 1 count of 18 U.S.C. 1028A(a)(1) (Aggravated Identity Theft). Expected to begin on July 22, 2025 and expected to last 1 week.

3