BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
KATHRYNNE SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Terrorism and Export Crimes Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 393-8125/(714) 338-3591
      E-mail:    mark.takla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-00629-TJH |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| NATHANIEL JAMES MCGUIRE, | |
| Defendant. | **CURRENT TRIAL DATE:**  9/16/2025<br>**PROPOSED TRIAL DATE:**  4/07/2026 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Takla and Kathrynne Seiden, and defendant Nathaniel James McGuire ("defendant"), both individually and by and through his counsel of record, Katherine McBroom, hereby stipulate as follows:

1.    The Indictment in this case was filed on October 23, 2024. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on September 27, 2024.

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 1, 2025.

2.    On October 25, 2024, the Court set a trial date of December 17, 2024 and a status conference for November 4, 2024.  The Court previously continued the case to September 16, 2025.

3.    Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately 4-5 days.

4.    By this stipulation, defendant moves to continue the trial date to April 7, 2026 and a pretrial conference to March 17, 2026. This is the second request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violations of 18 U.S.C. § 2332a(a)(2) (Use of a Weapon of Mass Destruction); 18 U.S.C. § 844(i) (Malicious Destruction of a Building Using an Explosive); and 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive Device).  The government has produced discovery to the defense, including but not limited to over 5,000 pages of law enforcement reports, search warrants, photographs, and audio and video files, including a recording of defendant's Mirandized statement with law enforcement.

b.    Defense counsel represents that she is presently scheduled to be in various trials and other commitments, as referenced in the attached Appendix A.  Further, counsel requires additional time to consult with defense experts and analyze discovery prior to the currently scheduled trial date.  Accordingly, counsel

1   represent that she will not have the time that she believes is

2   necessary to prepare to try this case on the current trial date.

3          c.    In light of the foregoing, counsel for defendant also

4   represents that additional time is necessary to confer with

5   defendant, conduct and complete an independent investigation of the

6   case, conduct and complete additional legal research including for

7   potential pre-trial motions, review the discovery and potential

8   evidence in the case, and prepare for trial in the event that a

9   pretrial resolution does not occur.  Defense counsel further

10  anticipates that there may be a need for competency proceedings.

11  Defense counsel represents that failure to grant the continuance

12  would deny them reasonable time necessary for effective preparation,

13  taking into account the exercise of due diligence.

14         d.    Defendant believes that failure to grant the

15  continuance will deny him continuity of counsel and adequate

16  representation.

17         e.    The government does not object to the continuance.

18         f.    The requested continuance is not based on congestion

19  of the Court's calendar, lack of diligent preparation on the part of

20  the attorney for the government or the defense, or failure on the

21  part of the attorney for the Government to obtain available

22  witnesses.

23     6.    For purposes of computing the date under the Speedy Trial

24  Act by which defendant's trial must commence, the parties agree that

25  the time period of December 17, 2024, through April 7, 2026,

26  inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

27  (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a

28  continuance granted by the Court at defendant's request, without

3

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 21, 2025               Respectfully submitted,

                                   BILAL A. ESSAYLI
                                   United States Attorney

                                   DAVID T. RYAN
                                   Assistant United States Attorney
                                   Chief, National Security Division


                                        /s/
                                   _____
                                   MARK TAKLA
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

4

1    I am Nathaniel James McGuire's attorney.  I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client.  I have fully informed my client of his
4  Speedy Trial rights.  To my knowledge, my client understands those
5  rights and agrees to waive them.  I believe that my client's decision
6  to give up the right to be brought to trial earlier than April 7,
7  2026 is an informed and voluntary one.

8

9  *Katherine C. McBroom*                    07/22/25
10 KATHERINE MCBROOM                          Date
   Attorney for Defendant
11 NATHANIEL JAMES MCGUIRE

12

13    I have read this stipulation and have carefully discussed it
14 with my attorney.  I understand my Speedy Trial rights.  I
15 voluntarily agree to the continuance of the trial date, and give up
16 my right to be brought to trial earlier than April 7, 2026.

17

18  /s/ via zoom meeting authorization          07/22/25
19 NATHANIEL JAMES MCGUIRE                     Date
   Defendant
20

21

22

23

24

25

26

27

28

# APPENDIX A

KATHERINE McBROOM (SBN 223559)
KAEDIAN LLP
280 S. Beverly Drive, Ste. 209
Beverly Hills, CA 90212
Tel: 310.893.3372
kmcbroom@kaedianllp.com

Attorney for Defendant
NATHANIEL MCGUIRE

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>              v.<br><br>NATHANIEL JAMES MCGUIRE,<br><br>        Defendant. | Case No.: 2:24-cr-00629-TJH<br><br>**DECLARATION OF KATHERINE C. MCBROOM** |

## DECLARATION OF KATHERINE C. MCBROOM

I, Katherine C. McBroom, declare as follows:

1.     I am CJA Counsel to Defendant Nathaniel McGuire ("Mr. McGuire") in the above-entitled matter. The Court appointed me as counsel on January 3, 2025.

2.     Mr. McGuire is charged with violations of 18 U.S.C. § 2332a(a)(2) (Use of a Weapon of Mass Destruction); 18 U.S.C. § 844(i) (Malicious Destruction of a Building Using an Explosive); and 26 U.S.C. § 5861(d) (Possession of an Unregistered Destructive Device).

3.     Currently, trial is scheduled for September 16, 2025.

4.     For the reasons stated below, I require additional time to effectively prepare for trial.

5.     I require additional time to evaluate discovery, including the government's analyses of the physical evidence seized.  Further, I require time to consult with our defense expert and Mr. McGuire concerning the materials seized and analyzed.

6.     A second defense expert has not yet had an opportunity to meet with and interview Mr. McGuire. Currently, Mr. McGuire is housed at the Central Valley Annex in McFarland, California which is approximately 140 miles outside of Los Angeles. The defense team is in the process of arranging for an expert consultation/evaluation at this facility.  Presently, I do not have adequate time to accomplish the consultation and confer with the expert regarding his opinions prior to trial.

7.     The defense team is also experiencing a lack of resources.  As the Court may be aware, Criminal Justice Act funds were exhausted on July 3, 2025.  Accordingly, CJA attorneys, staff, and experts are experiencing a suspension in pay. Attorneys, staff, and experts will not be paid until October 1, 2025 at the earliest. The suspension in pay has proven challenging, particularly in terms of securing and employing experts and staff willing to perform work without assurance of pay. A trial continuance will alleviate this issue.

8.    Finally, I am scheduled to be in various trials and have other commitments which conflict with the currently scheduled trial and will impact my ability to adequately prepare Mr. McGuire's defense in this matter.

9.    I am scheduled for trial in the following matters:

a.    *People v. Russell Linch*, Case No. 9CJ01221, Los Angeles County Superior Court. Trial 8 of 10: August 4, 2025 ; 5-7 days

b.    *U.S. v. Sandoval, et al.* (Def 9 - Humberto Bermejo); 2:24-cr-00008-AB; Trial: October 7, 2025; 5 days

c.    *People v. Christopher Lam*, Case No. SA107765, Los Angeles County Superior Court, Trial 0 of 10: October 22, 2025; 10-12 days

d.    *U.S. v. Jamarillo, et al.* (Def 18 - Javier Martinez); 2:23-cr-00411-HDV; Trial: March 10, 2026  5-7 days

10.    I am also scheduled for the following speaking engagements:

a.    University of Nevada, Las Vegas: October 15-16, 2025; Presentation at the William S. Boyd School of Law

b.    National Association of Criminal Defense Lawyers Drug Crimes Seminar, Las Vegas: October 23-25, 2025.

11.    Mr. McGuire agrees to a trial continuance. On July 16, 2025, I met with Mr. McGuire via Zoom.  We discussed the attached Stipulation Regarding Request for Continuance of the Trial Date and the Findings of Excludable Time Period Pursuant to the Speedy Trial Act.

12.    Mr. McGuire consented to me signing the Stipulation and Speedy Trial Waiver on his behalf.

13.    I have mailed a copy of the Stipulation to Mr. McGuire at the Central Valley Annex for his signature. Once I receive the signed Stipulation, I will file a copy with the Court.

DECLARATION OF KATHERINE C. MCBROOM

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on this 22nd day July 2025 in Los Angeles, California.

*Katherine C. McBroom*
_____
KATHERINE C. MCBROOM

DECLARATION OF KATHERINE C. MCBROOM